IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW MILLER,

    Plaintiff,

v.                                             Case No. 2:21-cv-00452

STATE OF WEST VIRGINIA,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiff's Complaint (ECF No. 1) and his Application to Proceed without Prepayment of Fees and Costs (ECF No. 5).

### I.    *ALLEGATIONS IN COMPLAINT*

The complaint document in this matter is styled as a "mandamus" alleging unspecified claims stemming from his 2019 and 2020 parole revocation proceedings resulting from charges of being a prohibited person in possession of a concealed weapon. (ECF No. 1). Plaintiff's claims appear to be grounded in alleged violations of double jeopardy principles. The complaint/petition makes no specific request for relief but contends that his parole revocation is "illegal." (*Id.* at 5). Plaintiff has pending habeas corpus petitions addressing similar claims that will be separately addressed by this court.

## II. DISCUSSION

At the time he filed this civil action, Plaintiff was a prisoner in the custody of the West Virginia Division of Corrections and Rehabilitation. This civil action is one of eleven civil rights actions filed by Plaintiff in this United States District Court since December of 2019, many of which arise out of the same or related factual circumstances. Plaintiff previously filed several other unsuccessful civil rights actions in this court, in addition to various habeas corpus petitions.[1]

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree*

---

[1] Plaintiff's habeas corpus petitions are not relevant to the analysis herein as they do not count towards the calculation of the "three strikes" rule discussed *infra*.

2

*v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D.W. Va. June 30, 2008) (Johnston, J.). The Fourth Circuit has held that the "three strikes" rule applies to mandamus proceedings.

The undersigned has determined that, while incarcerated, Plaintiff has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or for failure to state a claim upon which relief can be granted. Specifically, the following cases count as strikes under 28 U.S.C. § 1915(g): *Miller v. Ballard*, Case No. 2:13-cv-08573, ECF No. 8 (S.D.W. Va. Apr. 7, 2014) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on April 7, 2014; *Miller v. Ballard*, Case No. 2:13-cv-15024, ECF No. 6 (S.D.W. Va. Sept. 23, 2016) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on September 23, 2016; *Miller v. Stuckey*, No. 2:17-cv-04398, ECF No. 8 (S.D.W. Va. Sept. 28, 2018) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on September 20, 2018; *Miller v. Terry* No. 2:17-cv-04224, ECF No. 5 (S.D.W. Va. Dec. 2, 2020) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on December 2, 2020; and *Miller v. Terry*, No. 2:17-cv-04217, ECF No. 8 (S.D.W. Va. Jan. 11, 2021) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on January 11, 2021.

Moreover, Plaintiff has not asserted and cannot reasonably assert that he is under imminent danger of serious physical injury under the circumstances presented in his complaint. As aptly noted by our sister court:

> Under this exception to § 1915(g), the district court must determine whether the plaintiff's facts show that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter, related to the claims in the case. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001)). Thus, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915 (g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate" and related to the alleged official misconduct. *See, e.g., Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).

*LeGendre v. Woodson*, No. 7:20-cv-00352, 2020 WL 7048295, at *2 (W.D. Va. Dec. 1, 2020).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, Plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff fails to state any credible facts that reasonably indicate that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the claim in his complaint. Therefore, dismissal of this civil action, without prejudice, under 28 U.S.C. § 1915(g) may be appropriate.

However, the Fourth Circuit has recognized that petitions seeking mandamus relief arising out of criminal proceedings (which is how Plaintiff's "mandamus" petition

4

could be construed) may not be considered "civil actions" to which the PLRA requirements and the "three strikes" rule apply. *See Banks v. Hornak,* 698 F. App'x 731, 738 (4th Cir. 2017) (holding that federal mandamus proceeding "arising out of a civil case" is subject to § 1915's requirements, but those "arising out of a criminal proceeding" are not). Nonetheless, even if the district court were to determine that § 1915(g) is not applicable to this case, the instant mandamus action must still be dismissed because this court lacks jurisdiction to consider it.

Title 28, United States Code, Section 1361, provides as follows:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

28 U.S.C. § 1361. A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central S.C. Chapter, Soc'y of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Ct. for the Dist. of S.C.,* 551 F.2d 559, 562 (4th Cir. 1977).

A federal writ of mandamus will not lie to compel a State or its officials to perform a duty owed to a petitioner, if any such duty is even owed herein. Accordingly, the undersigned proposes that the presiding District Judge **FIND** this United States District Court lacks subject matter jurisdiction to issue a writ of mandamus directed to the State of West Virginia or any of its officials. Therefore, this action should be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, permitting dismissal by the court at any time it is determined that the court lacks subject matter jurisdiction.

### III.  RECOMMENDATIONS

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 5) and **DISMISS** this civil action.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Plaintiff at the following address: 105 Truman Street, Beckley, WV 25801.[2]

February 28, 2022

Dwane L. Tinsley
United States Magistrate Judge

---

[2] Plaintiff's address is listed as the Huttonsville Correctional Center. He has since been released on parole. Although he failed to advise the court of any changes in his contact information, the undersigned's staff contacted his parole officer and obtained his current address to mail this document to him.